UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SIERRA SHERBULA,<br>Plaintiff,<br>v.<br>UCSF POLICE DEPARTMENT, et al.,<br>Defendants. | Case No. 26-cv-09449-AGT<br><br>**SCREENING ORDER**<br>Re: Dkt. No. 2 |

Having granted Plaintiff Sierra Sherbula's *in forma pauperis* application (dkt. 2), the undersigned now screens Sherbula's complaint under 28 U.S.C. § 1915(e)(2)(B), and concludes that the complaint is deficient for the reasons identified below.

Plaintiff brings this case under 42 U.S.C. § 1983. Dkt. 1 at 3. She alleges that in August 2018 – when she was twelve years old – officers from the University of California San Francisco Police Department executed a search warrant at her family's house, held her at gunpoint, and restrained her in handcuffs. *Id.* at 7.[1] Plaintiff alleges that the officers' conduct violated her Fourth Amendment rights. *Id.*

Plaintiff's complaint has a timeliness problem. Section 1983 claims are subject to statutes of limitations, which are calculated according to both state and federal law. Federal law determines when a Section 1983 claim "accrues" to a party and the statute of limitations period begins to run. *Wallace v. Kato*, 549 U.S. 384, 388 (2007). By contrast, state law – specifically, the personal injury statute of the state where a district court sits – determines the length of the limitations period. *Lockett v. Cnty. Of L.A.*, 977 F.3d 737, 740 (9th Cir.

[1] Plaintiff provides two conflicting dates for the event: August 21 and 25. Dkt. 1 at 4, 7.

2020). In California, the statute of limitations for Section 1983 claims is two years. *Canatella v. Van De Kamp*, 486 F.3d 1128, 1132-33 (9th Cir. 2007). A party generally can't bring a Section 1983 claim outside of that two-year period unless an exception to the statute of limitations applies. *Lockett*, 977 F.3d at 740.

Plaintiff's claim accrued in August 2018, on the date the officers executed the search warrant on her home. Dkt. 1 at 7; *see also McDonough v. Smith*, 588 U.S. 109, 115 (2019) (a claim accrues when a party has a "complete and present cause of action"). Roughly eight years have passed since that event, so based on the face of the complaint, her claim falls outside of the two-year statute of limitations period and is time-barred.

However, it's not out of the question that Plaintiff could assert an exception to the statute of limitations. One such exception is equitable tolling, which pauses the limitations period when a party diligently pursues their rights but extraordinary circumstances prevent timely filing. *Lozana v. Montoya Alvarez*, 572 U.S. 1, 10 (2014). A plaintiff seeking equitable tolling in California doctrine must demonstrate: (1) timely notice, (2) lack of prejudice to the defendant, and (3) reasonable and good faith conduct by the plaintiff. *See Saint Francis Mem'l Hosp. v. State Dep't of Pub. Health*, 9 Cal. 5th 710, 724 (2020). Or a statutory tolling provision could apply, like the California provision that tolls the limitations period for a party who "at the time the cause of action accrued … [was] under the age of majority." Cal Civ. Proc. Code § 352(a).[2] Because dismissal of an unrepresented litigant's complaint based on statute of limitations grounds should "only be exercised after the court provides the petitioner with adequate notice and an opportunity to respond," *Wentzell v. Neven*, 674 F.3d

[2] The Court isn't convinced this saves Plaintiff's claim, because if she was twelve years old eight years ago, then two years have passed since she turned eighteen. Dkt. 1 at 7.

1124, 1126 (9th Cir. 2012), the Court doesn't foreclose the possibility that Plaintiff could add details to her complaint that plausibly allege a statute of limitations exception.

Plaintiff may file an amended complaint on or before **October 27, 2026**. If she doesn't do so, or if she files an amended complaint that fails to state a claim for relief, the undersigned will recommend that a district judge dismiss her case.

The Court refers Plaintiff to the Northern District of California's Legal Help Center, where lawyers provide free basic legal assistance to those representing themselves in federal court. Although Legal Help Center lawyers don't represent parties, they can explain court procedures, provide limited legal advice, and help prepare simple court filings. There are two Legal Help Center locations: one is at the San Francisco courthouse at 450 Golden Gate Avenue, and the other is at the Oakland courthouse at 1301 Clay Street. Plaintiff can schedule an appointment by calling 415-782-8982 or emailing FedPro@sfbar.org. Appointments are available in-person, by Zoom, or by telephone. Plaintiff can find more information at https://cand.uscourts.gov/representing-yourself/free-legal-help-people-without-lawyers.

The Court also has a free guide, "Representing Yourself in Federal Court: A Handbook for Pro Se Litigants," which provides instructions on how to proceed at every stage of a case. Plaintiff can access it online (https://cand.uscourts.gov/representing-yourself/pro-se-handbook) or in hard copy free of charge from the Clerk's Office.

**IT IS SO ORDERED.**

Dated: October 6, 2026

Alex G. Tse
United States Magistrate Judge